1  JEFFREY C. GRANT
   Assistant Attorney General                 **Honorable Salvador Mendoza, Jr.**
2  CARRIE HOON WAYNO
   Senior Counsel
3  DREW PUGSLEY
   Assistant Attorney General
4  Office of the Attorney General
   Complex Litigation Division
5  800 Fifth Ave., Suite 2000
   Seattle, WA 98104-3188
6  Telephone: (206) 332-7099
   Fax:        (206) 447-1963
7  Email:      Jeffrey.Grant@atg.wa.gov
               Carrie.Wayno@atg.wa.gov
8              Drew.Pugsley@atg.wa.gov

9            **UNITED STATES DISTRICT COURT**
            **EASTERN DISTRICT OF WASHINGTON**
10

11  JAMES BLAIS and GAIL BLAIS,          NO. 2:20-cv-00187-SMJ

12                     Plaintiffs,        DEFENDANT'S
                                          ANSWER TO PLAINTIFFS'
13        v.                              AMENDED COMPLAINT
                                          FOR PRELIMINARY AND
14  ROSS HUNTER, in his official          PERMANENT INJUNCTION
    capacity of Secretary of Washington
15  State Department of Children, Youth,
    and Families,
16
                       Defendant.
17

18         Defendant Ross Hunter, in his official capacity of the Secretary of the

19  Washington State Department of Children, Youth, and Families, by way of

20  answer to Plaintiffs' Amended Complaint for Preliminary and Permanent

21  Injunction (ECF No. 30), admits, denies, and asserts as follows:

22  DEFENDANT'S ANSWER TO              ATTORNEY GENERAL OF WASHINGTON
    PLAINTIFFS' AMENDED                     Complex Litigation Division
    COMPLAINT FOR                            800 Fifth Ave., Suite 2000
    PRELIMINARY AND                        Seattle, WA 98104-3188
    INJUNCTIVE RELIEF                          (206) 474-7744
    NO. 2:20-cv-00187-SMJ - 1

# I.   INTRODUCTION

1.      Defendant admits that James Blais and Gail Blais submitted an application to be to be licensed foster parents in Washington State. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 1 and, except as otherwise expressly admitted, denies the remainder of the allegations in Paragraph 1.

2.      Defendant admits the allegation in paragraph 2.

3.      Defendant denies Plaintiffs' generalized summary of their qualifications as set forth in paragraph 3.

4.      Defendant admits the allegation in paragraph 4.

5.      Defendant admits that Plaintiffs were unwilling to commit to providing safe and affirming care for H.V., or other foster children, and, thus, admits the allegations in paragraph 5.

6.      Defendant admits that the Washington State Department of Children, Youth, and Families (the Department) repeatedly provided Plaintiffs with educational information about the risks lesbian, gay, bisexual, transgender, and questioning (LGBTQ+) youth face in foster care, especially when they do not receive adequate support for their identity. Defendant also admits that the Department denied Plaintiffs' application for a foster care license. Except as otherwise expressly admitted, Defendant denies the remainder of the allegations in paragraph 6.

DEFENDANT'S ANSWER TO
PLAINTIFFS' AMENDED
COMPLAINT FOR
PRELIMINARY AND
INJUNCTIVE RELIEF
NO. 2:20-cv-00187-SMJ - 2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Ave., Suite 2000
Seattle, WA  98104-3188
(206) 474-7744

1      7.     Paragraph 7 is an improper legal conclusion to which no answer is

2    required. Defendant denies the factual allegations in paragraph 7.

3      8.     Defendant admits that Plaintiffs seek a declaratory judgment and

4    injunctive relief. Paragraph 8, however, is an improper legal conclusion to which

5    no answer is required. Except as otherwise expressly admitted, Defendant denies

6    the factual allegations in paragraph 8.

7      9.     Paragraph 9 is an improper legal conclusion to which no answer is

8    required. Defendant denies the factual allegation in paragraph 9.

## II.    THE PARTIES

10      10.    Defendant lacks knowledge or information sufficient to form a belief

11   about the truth of the allegation that James Blais "is an observant member of the

12   Seventh-Day Adventist Church" and, therefore, denies this allegation. Defendant

13   admits the remainder of the allegations in paragraph 10.

14      11.    Defendant lacks knowledge or information sufficient to form a belief

15   about the truth of the allegation that Gail Blais "is an observant member of the

16   Seventh-Day Adventist Church" and, therefore, denies this allegation. Defendant

17   admits the remainder of the allegations in paragraph 11.

18      12.    Defendant admits that Ross Hunter is the Secretary of the Washington

19   State Department of Children, Youth, and Families (DCYF) and that he is sued only

20   in his official capacity. Defendant admits that DCYF is the Washington State

21   agency responsible for evaluating foster family home licensing applications and

22

DEFENDANT'S ANSWER TO
PLAINTIFFS' AMENDED
COMPLAINT FOR
PRELIMINARY AND
INJUNCTIVE RELIEF
NO. 2:20-cv-00187-SMJ - 3

1    deciding whether to issue foster family home licenses, and the single state agency

2    to decide whether to approve requests made under the Interstate Compact for the

3    Placement of Children (ICPC), pursuant to chapter 26.34 Rev. Code of Wash., for

4    children who are dependents in other states and seek placement in Washington.

5    Defendant further admits that DCYF is the single state agency responsible for

6    adopting the minimum licensing requirements for foster family homes pursuant to

7    Wash. Rev. Code § 74.15.030, for consenting to adoption of foster children

8    pursuant to Wash. Rev. Code § 26.33.160, and for agreeing to a permanent plan of

9    a child placed in Washington under the ICPC, pursuant to Wash. Rev. Code

10    § 26.34.010 (Article V subsection (a)). Defendant further admits that, at all times

11    material to this lawsuit, Secretary Hunter acted in the course and scope of his duties

12    as a public employee, was a state actor, and acted under color of state law.

13                    **III.    JURISDICTION AND VENUE**

14          13.    Defendant admits the allegation in paragraph 13.

15          14.    Defendant admits the allegation in paragraph 14.

16          15.    Defendant admits the allegation in paragraph 15.

17                    **IV.    GENERAL ALLEGATIONS**

18                 **The Blaises and their Religious Beliefs**

19          16.    Defendant lacks knowledge or information sufficient to form a belief

20    about the truth of the allegation in Paragraph 16, and, therefore, denies it.

21

22    DEFENDANT'S ANSWER TO
      PLAINTIFFS' AMENDED
      COMPLAINT FOR
      PRELIMINARY AND
      INJUNCTIVE RELIEF
      NO. 2:20-cv-00187-SMJ - 4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Ave., Suite 2000
Seattle, WA  98104-3188
(206) 474-7744

1    17.    Defendant lacks knowledge or information sufficient to form a belief

2    about the truth of the allegations in paragraph 17 and, therefore, denies them.

3    18.    Defendant lacks knowledge or information sufficient to form a belief

4    about the truth of the allegations in paragraph 18 and, therefore, denies them.

5    19.    Defendant lacks knowledge or information sufficient to form a belief

6    about the truth of the allegations in paragraph 19 and, therefore, denies them.

7    20.    Defendant admits that Mark 12:31 states, in part, that "You shall love

8    your neighbor as yourself."  Defendant lacks knowledge or information sufficient

9    to form a belief about the truth of the allegations in paragraph 20 and, therefore,

10    denies them.

11    21.    Defendant lacks knowledge or information sufficient to form a belief

12    about the truth of the allegations in paragraph 21 and, therefore, denies them.

13    22.    Defendant lacks knowledge or information sufficient to form a belief

14    about the truth of the allegations in paragraph 22 and, therefore, denies them.

15    **The Blaises' Desire to Become Licensed Foster Parents**

16    23.    Defendant admits that Gail Blais and her first husband had two

17    children, and that she is the great-grandmother of H.V. Except as otherwise

18    expressly admitted, Defendant lacks knowledge or information sufficient to form a

19    belief about the truth of the remainder of the allegations in paragraph 23 and,

20    therefore, denies them.

21    24.    Defendant admits the allegation in paragraph 24.

22    DEFENDANT'S ANSWER TO
PLAINTIFFS' AMENDED
COMPLAINT FOR
PRELIMINARY AND
INJUNCTIVE RELIEF
NO. 2:20-cv-00187-SMJ - 5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Ave., Suite 2000
Seattle, WA  98104-3188
(206) 474-7744

1    25.    Defendant admits the allegation in paragraph 25.

2    26.    Defendant lacks knowledge or information sufficient to form a belief

3    about the truth of the allegations in paragraph 26 and, therefore, denies them.

4    **The Department's Licensing Requirements for Foster Homes**

5    27.    Defendant admits the allegations in paragraph 27.

6    28.    Defendant admits the allegations in paragraph 28.

7    29.    Defendant admits the allegation in paragraph 29.

8    30.    Defendant admits the allegations in paragraph 30.

9    31.    Defendant admits the allegations in paragraph 31.

10    32.    Defendant admits the allegation in paragraph 32.

11    33.    The allegation in Paragraph 33 is a legal conclusion to which no

12    answer is required. Defendant denies the factual allegation in paragraph 33.

13    34.    The allegation in Paragraph 34 is a legal conclusion to which no

14    answer is required. Defendant denies the factual allegation in paragraph 34.

15    **Licensed Foster Parents' Duty Towards Children In Their Care**

16    35.    Defendant admits the allegations in paragraph 35.

17    36.    Defendant denies that Wash. Admin. Code § 110-148-1520 applies

18    only to children placed by the Department, but otherwise admits the remainder of

19    the allegations in paragraph 36.

20    37.    Defendant admits the allegations in paragraph 37.

21    38.    Defendant admits the allegations in paragraph 38.

22    DEFENDANT'S ANSWER TO
PLAINTIFFS' AMENDED
COMPLAINT FOR
PRELIMINARY AND
INJUNCTIVE RELIEF
NO. 2:20-cv-00187-SMJ - 6

1      39.     Defendant denies that Wash. Admin. Code § 110-148-1520(7) tasks a

2    child's social worker or case manager with assisting foster parents in identifying

3    the resources with which a child must be connected. Defendant admits the

4    remainder of the allegations in paragraph 39.

5      40.     Defendant admits the allegation in paragraph 40.

6    **The Department's Policy to Support LGBTQ+ Children and Youth**

7      41.     Defendant admits the allegation in paragraph 41.

8      42.     Defendant admits the allegation in paragraph 42.

9      43.     Defendant admits the allegations in paragraph 43.

10      44.     Defendant admits the allegations in paragraph 44.

11      45.     Defendant admits the allegations in paragraph 45.

12      46.     Defendant admits the allegations in paragraph 46.

13      47.     Paragraph 47 is an improper legal conclusion to which no answer is

14    required. Defendant denies the factual allegation in paragraph 47.

15      48.     Paragraph 48 is an improper legal conclusion to which no answer is

16    required. Defendant denies the factual allegation in paragraph 48.

17      49.     Paragraph 49 is an improper legal conclusion to which no answer is

18    required. Defendant denies the factual allegations in paragraph 49.

19    **Foster Care in Washington**

20      50.     Defendant admits that, as of June 30, 2018, 9,284 children in

21    Washington were in out-of-home care. Of the children in out-of-home placements,

22    DEFENDANT'S ANSWER TO
PLAINTIFFS' AMENDED
COMPLAINT FOR
PRELIMINARY AND
INJUNCTIVE RELIEF
NO. 2:20-cv-00187-SMJ - 7

1   3,995 were placed with relatives or suitable other persons and 5,289 were in non-

2   relative, licensed foster care.   However, as of June 1, 2018, there were 5,006

3   licensed foster homes in Washington with a capacity to serve 10,587 children.

4        51.    Defendant admits that some adolescents in foster care stay in hotels

5   each night due to a lack of appropriate foster care and group care capacity to meet

6   these youths' behavioral needs. Defendant admits that approximately

7   25 adolescents are placed in out-of-state group care facilities to meet their needs.

8   Except as otherwise expressly admitted, Defendant denies the remainder of the

9   allegations in paragraph 51.

10        52.    Defendant admits that it needs more placements to meet the needs of

11   some foster children, in particular adolescents with significant behavioral

12   challenges, special needs, or developmental disabilities. Defendant denies the

13   remainder of allegations in paragraph 52.

14   **The Department's Family Home Study Guide**

15        53.    Defendant admits the allegations in paragraph 53.

16        54.    Defendant denies the allegations in paragraph 54.

17        55.    Defendant admits the allegation in paragraph 55.

18        56.    Defendant admits the allegation in paragraph 56.

19   **The Blaises' Home Study**

20        57.    Defendant admits that DCYF Foster Home Licensor Patrick Sager

21   contacted Gail and James Blais in early January 2020 and that a Foster Home

22   DEFENDANT'S ANSWER TO
PLAINTIFFS' AMENDED
COMPLAINT FOR
PRELIMINARY AND
INJUNCTIVE RELIEF
NO. 2:20-cv-00187-SMJ - 8

1    Licensor is a DCYF employee in the Licensing Division who recommends approval

2    or denial of foster home licenses.

3        58.    Defendant admits the allegations in paragraph 58.

4        59.    Defendant lacks knowledge or information sufficient to form a belief

5    about the truth of the allegations in paragraph 59 and, therefore, denies them.

6        60.    Defendant lacks knowledge or information sufficient to form a belief

7    about the truth of the allegations in paragraph 60 and, therefore, denies them.

8        61.    Defendant admits the allegations in paragraph 61.

9        62.    Defendant lacks knowledge or information sufficient to form a belief

10    about the truth of the allegation that the mandated training, and therefore denies the

11    first sentence of Paragraph 62. Defendant admits the remainder of the allegations

12    in paragraph 62.

13        63.    Defendant admits the allegation in paragraph 63.

14        64.    Defendant lacks knowledge or information sufficient to form a belief

15    about the truth of the allegations that Plaintiffs "are observant members of the

16    Seventh-day Adventist faith" and therefore denies the allegation in paragraph 64,

17    part a. Defendant admits the remainder of the allegations in paragraph 64.

18        65.    Defendant admits the allegation that Mr. Sager asked Plaintiffs

19    questions about H.V.'s potential sexual orientation and gender identity. Except as

20    otherwise expressly admitted, Defendant denies the remainder of the allegations in

21    paragraph 65.

22    DEFENDANT'S ANSWER TO
PLAINTIFFS' AMENDED
COMPLAINT FOR
PRELIMINARY AND
INJUNCTIVE RELIEF
NO. 2:20-cv-00187-SMJ - 9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Ave., Suite 2000
Seattle, WA  98104-3188
(206) 474-7744

66.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations that Plaintiffs reacted to questions they were asked during the interview and, therefore, denies the allegations in the first two sentences of paragraph 66. Defendant admits the remainder of the allegations in paragraph 66.

67.     Defendant admits that Plaintiffs stated they would provide care to foster children in their care that was consistent with their religious beliefs, and that they believed they could provide a supportive and loving home for a child placed in their care. Except as otherwise expressly admitted, Defendant denies the remainder of the allegations in paragraph 67.

68.     Defendant admits that Plaintiffs stated that, due to their religious beliefs, they could not support hormone therapy for a child in their care, but that they would be loving and supportive of a child placed in their care, including their great-granddaughter H.V. Except as otherwise expressly admitted, Defendant denies the remainder of the allegations in paragraph 68.

69.     Defendant admits that Plaintiffs indicated that if H.V. were in their care and developed gender dysphoria or any other medical condition, they would provide her with care that was consistent with existing medical principles and their religious beliefs. Except as otherwise expressly admitted, Defendant denies the remainder of the allegations in paragraph 69.

70.     Defendant admits that Patrick Sager stated that, due to Plaintiffs' answers to the questions regarding support of an LGBTQ+ child, their application

DEFENDANT'S ANSWER TO
PLAINTIFFS' AMENDED
COMPLAINT FOR
PRELIMINARY AND
INJUNCTIVE RELIEF
NO. 2:20-cv-00187-SMJ - 10

would likely be denied by DCYF because they could not adequately support a child who identifies as, or may identify as, LGBTQ+. Except as otherwise expressly admitted, Defendant denies the remainder of the allegations in paragraph 70.

71.     Defendant admits the allegations in paragraph 71.

72.     Defendant admits the allegations in paragraph 72.

73.     Defendant admits the allegations in paragraph 73.

74.     Defendant admits the allegations in paragraph 74.

75.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 75 and, therefore, denies them.

76.     Defendant admits that Patrick Sager called Plaintiffs on February 26, 2020 and asked, among others, the questions listed in paragraph 76, parts a. – e. Except as otherwise expressly admitted, Defendant denies the remainder of the allegations in paragraph 76.

77.     Defendant admits the allegations in paragraph 77, which are consistent with the Department's policy and practice when conducting home studies to follow-up with applicants regarding areas of concern.

78.     Defendant admits the allegation in paragraph 78.

79.     Defendant admits that Mr. Sager explained during this phone call that Plaintiffs' stated an inability to support children with respect to their sexual orientation or gender identity does not align with the Department's evidence-based expectations, as promulgated in the minimum licensing requirements, and that

DEFENDANT'S ANSWER TO
PLAINTIFFS' AMENDED
COMPLAINT FOR
PRELIMINARY AND
INJUNCTIVE RELIEF
NO. 2:20-cv-00187-SMJ - 11

1    Mr. Sager suggested Plaintiffs could withdraw their application in order to avoid

2    any adverse consequences that could result from having their license application

3    denied by DCYF. Except as otherwise expressly admitted, Defendant denies the

4    remainder of the allegations in paragraph 79.

5          80.   Defendant admits the allegations in paragraph 80.

6          81.   Defendant admits the allegations in paragraph 81, but denies that

7    Mr. Sager said that the Department would send its denial letter "shortly."

8          82.   Defendant admits that the Department did not send a denial letter or

9    contact Plaintiffs during the two weeks following their February 26, 2020 telephone

10   call with Mr. Sager; but that, a week later, Mr. Sager informed Plaintiffs that he did

11   not yet have an answer as he was waiting to for additional information. Except as

12   otherwise expressly admitted, Defendant denies the remainder of the allegations in

13   paragraph 82.

14         83.   Defendant admits the allegations in paragraph 83.

15         84.   Defendant admits the allegations in paragraph 84.

16         85.   Defendant admits that Mr. Sager and Carissa Stone spoke with

17   Plaintiffs on March 25, 2020, and that their discussion included topics related to

18   whether Plaintiffs could support a child, including one of a younger age, who

19   wished to dress or act in a way that was different from their assigned gender, as

20   well as a child who identified as LGBTQ+. Except as otherwise expressly admitted,

21   Defendant denies the remainder of the allegations in paragraph 85.

22   DEFENDANT'S ANSWER TO
     PLAINTIFFS' AMENDED
     COMPLAINT FOR
     PRELIMINARY AND
     INJUNCTIVE RELIEF
     NO. 2:20-cv-00187-SMJ - 12

1    86.    Defendant admits the allegation in paragraph 86.

2    87.    Defendant admits that Plaintiffs cooperated with the interview session

3   and responded to the questions they were asked, but lacks knowledge or

4   information sufficient to form a belief about the truth of the allegations that their

5   responses were open, honest, and consistent with their religious beliefs and,

6   therefore, denies that portion of the allegations in paragraph 87. Except as otherwise

7   expressly admitted, Defendant denies the remainder of the allegations in

8   paragraph 87.

9    88.    Defendant admits the allegation in paragraph 88.

10    89.    Defendant admits the allegation in paragraph 89.

11    90.    Defendant admits the allegation in paragraph 90.

12    91.    Defendant denies that Mr. Sager emailed Plaintiffs on April 5, 2020

13   (the email was sent April 3, 2020). Defendant admits the remainder of the

14   allegations in paragraph 91.

15    92.    Defendant admits the allegations in paragraph 92.

16    93.    Defendant admits that James Blais informed Mr. Sager that Gail Blais

17   had completed the Caregiver Core Training, but lacks knowledge or information

18   sufficient to form a belief about the truth of the allegation that Plaintiffs completed

19   the requested training and, therefore, denies this portion of paragraph 93. Defendant

20   admits that Mr. Sager advised Plaintiffs not to engage in any preparation that would

21

22   DEFENDANT'S ANSWER TO
PLAINTIFFS' AMENDED
COMPLAINT FOR
PRELIMINARY AND
INJUNCTIVE RELIEF
NO. 2:20-cv-00187-SMJ - 13

1   cost them money. Except as otherwise expressly admitted, Defendant denies the

2   remainder of the allegations in paragraph 93.

3         94.    Defendant admits that Plaintiffs' inability to be supportive of foster

4   children who identify or may identify as LGBTQ+ was an area of concern about

5   their ability to be acceptable licensed foster care parent applicants. Defendant also

6   admits that there may have been other areas of concern about Plaintiffs' ability to

7   be acceptable licensed foster care parent applicants. Except as otherwise expressly

8   admitted, Defendant denies the remainder of the allegations in paragraph 94.

9   **The Denial of the Blaises' Application**

10         95.    Defendant admits the allegation in paragraph 95.

11         96.    Defendant admits that its letter, which denied Plaintiffs' application

12   for a foster family home license and must be read in its entirety, stated that "while

13   there were many situations where [the Plaintiffs] might be able to be supportive,

14   they would not support foster children seeking counseling or necessary medical

15   services related to their sexual orientation and gender identity or expression if those

16   services were not consistent with their religious beliefs." Except as otherwise

17   expressly admitted, Defendant denies the remainder of the allegations in

18   paragraph 96.

19         97.    Defendant admits the allegations in paragraph 97.

20         98.    Defendant admits that Plaintiffs indicated they would not support

21   counseling or hormone treatment for a child in their care, nor would they call a

22   DEFENDANT'S ANSWER TO
PLAINTIFFS' AMENDED
COMPLAINT FOR
PRELIMINARY AND
INJUNCTIVE RELIEF
NO. 2:20-cv-00187-SMJ - 14

1   foster child by their preferred name or use the foster child's preferred pronouns.

2   Defendant lacks knowledge or information sufficient to form a belief about the truth

3   of the allegations in paragraph 98 and, therefore, denies them.

4        99.    Defendant admits the allegations in paragraph 99.

5        100.   Defendant admits the allegations in paragraph 100.

6        101.   Defendant denies that the Department "has never identified what

7   standard" Plaintiffs "would be required to meet in affirming what they would do in

8   any given future situation" to adequately support a child who identifies or may

9   identify as LGBTQ+. Defendant admits the remainder of the allegations in

10  paragraph 101.

11       102.   Defendant lacks knowledge or information sufficient to form a belief

12  about the truth of the allegations in paragraph 102 and, therefore, denies them.

13       103.   Defendant lacks knowledge or information sufficient to form a belief

14  about the truth of the allegations in paragraph 103 and, therefore, denies them.

15       104.   Defendant lacks knowledge or information sufficient to form a belief

16  about the truth of the allegations in paragraph 104 and, therefore, denies them.

17       105.   Defendant lacks knowledge or information sufficient to form a belief

18  about the truth of the allegations in paragraph 105 and, therefore, denies them.

19

20

21

22  DEFENDANT'S ANSWER TO
    PLAINTIFFS' AMENDED
    COMPLAINT FOR
    PRELIMINARY AND
    INJUNCTIVE RELIEF
    NO. 2:20-cv-00187-SMJ - 15

**COUNT I**
**42 U.S.C. § 1983**
**VIOLATION OF THE FIRST AMENDMENT**
**TO THE U.S. CONSTITUTION**
**FREE EXERCISE CLAUSE NOT NEUTRAL**

106.   Defendant incorporates his answers, admissions, and denials to paragraphs 1-105 as though fully set forth here.

107.   The allegations in paragraph 107 are legal conclusions to which no answer is required. Defendant denies the factual allegations in paragraph 107.

108.   The allegation in paragraph 108 is a legal conclusion to which no answer is required. Defendant denies the factual allegation in paragraph 108.

109.   Defendant admits that the decision to deny Plaintiffs' foster care application was, in part, based on their answers to Patrick Sager's questions during their interviews and in their application. Defendant denies that the decision to deny Plaintiffs' application was based on their religious beliefs; rather, the denial was based on Plaintiffs' unwillingness to provide care to foster children consistent with the children's case plan, medical needs, and their psychological and emotional well-being. Except as otherwise expressly admitted, Defendant denies the remainder of the allegations in paragraph 109.

110.   The allegation in paragraph 110 is a legal conclusion to which no answer is required. Defendant denies the factual allegation in paragraph 110.

111.   The allegation in paragraph 111 is a legal conclusion to which no answer is required. Defendant denies the factual allegation in paragraph 111.

DEFENDANT'S ANSWER TO
PLAINTIFFS' AMENDED
COMPLAINT FOR
PRELIMINARY AND
INJUNCTIVE RELIEF
NO. 2:20-cv-00187-SMJ - 16

1    112.    The allegation in paragraph 112 is a legal conclusion to which no

2  answer is required. Defendant denies the factual allegation in paragraph 112.

3    113.    The allegations in paragraph 113 are legal conclusions to which no

4  answer is required. Defendant denies the factual allegations in paragraph 113.

5  **COUNT II**
**42 U.S.C. § 1983**

6  **VIOLATION OF THE FIRST AMENDMENT**
**TO THE U.S. CONSTITUTION**

7  **FREE EXERCISE CLAUSE – IMPOSING SPECIALIZED**
**DISABILITIES ON THE BASIS OF RELIGIOUS BELIEF**

8

9    114.    Defendant incorporates his answers, admissions, and denials to

10  paragraphs 1-113 as though fully set forth here.

11    115.    Defendant denies the allegation in paragraph 115.

12    116.    Defendant denies the allegations in paragraph 116.

13    117.    The allegation in paragraph 117 is a legal conclusion to which no

14  answer is required. Defendant denies the factual allegation in paragraph 117.

15    118.    The allegation in paragraph 118 is a legal conclusion to which no

16  answer is required. Defendant denies the factual allegation in paragraph 118.

17    119.    The allegation in paragraph 119 is a legal conclusion to which no

18  answer is required. Defendant denies the factual allegation in paragraph 119.

19    120.    The allegation in paragraph 120 is a legal conclusion to which no

20  answer is required. Defendant denies the factual allegation in paragraph 120.

21

22  DEFENDANT'S ANSWER TO
PLAINTIFFS' AMENDED
COMPLAINT FOR
PRELIMINARY AND
INJUNCTIVE RELIEF
NO. 2:20-cv-00187-SMJ - 17

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Ave., Suite 2000
Seattle, WA  98104-3188
(206) 474-7744

121.   The allegation in paragraph 121 is a legal conclusion to which no answer is required. Defendant denies the factual allegation in paragraph 121.

122.   The allegations in paragraph 122 are legal conclusions to which no answer is required. Defendant denies the factual allegations in paragraph 122.

**COUNT III**
**42 U.S.C. § 1983**
**VIOLATION OF THE FIRST**
**AMENDMENT TO THE U.S. CONSTITUTION**
**FREE EXERCISE CLAUSE – NOT NEUTRAL**

123.   Defendant incorporates his answers, admissions, and denials to paragraphs 1-122 as though fully set forth here.

124.   The allegation in paragraph 124 is a legal conclusion to which no answer is required. Defendant denies the factual allegation in paragraph 124.

125.   The allegations in paragraph 125 are legal conclusions to which no answer is required. Defendant denies the factual allegations in paragraph 125.

126.   The allegation in paragraph 126 is a legal conclusion to which no answer is required. Defendant denies the factual allegation in paragraph 126.

127.   The allegation in paragraph 127 is a legal conclusion to which no answer is required. Defendant denies the factual allegation in paragraph 127.

128.   The allegation in paragraph 128 is a legal conclusion to which no answer is required. Defendant denies the factual allegation in paragraph 128.

129.   The allegation in paragraph 129 is a legal conclusion to which no answer is required. Defendant denies the factual allegation in paragraph 129.

DEFENDANT'S ANSWER TO
PLAINTIFFS' AMENDED
COMPLAINT FOR
PRELIMINARY AND
INJUNCTIVE RELIEF
NO. 2:20-cv-00187-SMJ - 18

1    130.  The allegation in paragraph 130 is a legal conclusion to which no

2    answer is required. Defendant denies the factual allegation in paragraph 130.

3    131.  The allegation in paragraph 131 is a legal conclusion to which no

4    answer is required. Defendant denies the factual allegation in paragraph 131.

5    132.  The allegation in paragraph 132 is a legal conclusion to which no

6    answer is required. Defendant denies the factual allegation in paragraph 132.

7    133.  The allegation in paragraph 133 is a legal conclusion to which no

8    answer is required. Defendant denies the factual allegation in paragraph 133.

9    134.  The allegations in paragraph 134 are legal conclusions to which no

10   answer is required. Defendant denies the factual allegations in paragraph 134.

11

**COUNT IV**
**42 U.S.C. § 1983**
**VIOLATION OF THE FIRST AMENDMENT**
**TO THE U.S. CONSTITUTION**
**FREE SPEECH—COMPELLED SPEECH**

12

13

14   135.  Defendant incorporates his answers, admissions, and denials to

15   paragraphs 1-134 as though fully set forth here.

16   136.  The allegation in paragraph 136 is a legal conclusion to which no

17   answer is required. Defendant denies the factual allegations in paragraph 136.

18   137.  The allegation in paragraph 137 is a legal conclusion to which no

19   answer is required. Defendant denies the factual allegation in paragraph 137.

20   138.  The allegations in Paragraph 138 are legal conclusions to which no

21   answer is required. Defendant denies the factual allegations in paragraph 138.

22   DEFENDANT'S ANSWER TO
PLAINTIFFS' AMENDED
COMPLAINT FOR
PRELIMINARY AND
INJUNCTIVE RELIEF
NO. 2:20-cv-00187-SMJ - 19

139.  Defendant admits that H.V. is an infant and that, while a majority of children in foster care do not identify as LGBTQ+, a significant percentage of them do so identify and are exposed to significant risk of harm if they do not receive adequate support in their foster homes. Defendant also admits that every person has a gender identity and a sexual orientation, even if that person does not later identify as LGBTQ+, and that children begin to explore their gender identity at a young age. Except as otherwise expressly admitted, Defendant denies the allegations in paragraph 139.

140.  The allegation in paragraph 140 is a legal conclusion to which no answer is required. Defendant denies the factual allegation in paragraph 140.

141.  The allegation in paragraph 141 is a legal conclusion to which no answer is required. Defendant denies the factual allegation in paragraph 141.

142.  The allegation in paragraph 142 is a legal conclusion to which no answer is required. Defendant denies the factual allegation in paragraph 142.

143.  The allegation in paragraph 143 is a legal conclusion to which no answer is required. Defendant denies the factual allegation in paragraph 143.

144.  The allegations in paragraph 144 are legal conclusions to which no answer is required. Defendant denies the factual allegations in paragraph 144.

DEFENDANT'S ANSWER TO
PLAINTIFFS' AMENDED
COMPLAINT FOR
PRELIMINARY AND
INJUNCTIVE RELIEF
NO. 2:20-cv-00187-SMJ - 20

1
2
3

**COUNT V**
**42 U.S.C. § 1983**
**VIOLATION OF THE FOURTEENTH AMENDMENT**
**TO THE U.S. CONSTITUTION**
**SUBSTANTIVE DUE PROCESS**

4      145.   Defendant incorporates his answers, admissions, and denials to

5   paragraphs 1-144 as though fully set forth here.

6      146.   The allegation in paragraph 146 is a legal conclusion to which no

7   answer is required. Defendant denies the factual allegation in paragraph 146.

8      147.   The allegation in paragraph 147 is a legal conclusion to which no

9   answer is required. Defendant denies the factual allegations in paragraph 147.

10     148.   The allegation in paragraph 148 is a legal conclusion to which no

11  answer is required. Defendant denies the factual allegation in paragraph 148.

12     149.   The allegation in paragraph 149 is a legal conclusion to which no

13  answer is required. Defendant denies the factual allegation in paragraph 149.

14     150.   The allegation in paragraph 150 is a legal conclusion to which no

15  answer is required. Defendant denies the factual allegation in paragraph 150.

16     151.   The allegation in paragraph 151 is a legal conclusion to which no

17  answer is required. Defendant denies the factual allegation in paragraph 151.

18     152.   The allegations in paragraph 152 are legal conclusions to which no

19  answer is required. Defendant denies the factual allegations in paragraph 152.

20

21

22  DEFENDANT'S ANSWER TO
    PLAINTIFFS' AMENDED
    COMPLAINT FOR
    PRELIMINARY AND
    INJUNCTIVE RELIEF
    NO. 2:20-cv-00187-SMJ - 21

1
2
3

**COUNT VI**
**42 U.S.C. § 1983**
**VIOLATION OF THE FIRST AMENDMENT**
**TO THE U.S. CONSTITUTION**
**FREE EXERCISE—HYBRID RIGHTS**

4    153.   Defendant incorporates his answers, admissions, and denials to

5    paragraphs 1-152 as though fully set forth here.

6    154.   The allegation in paragraph 154 is a legal conclusion to which no

7    answer is required. Defendant denies the factual allegations in paragraph 154.

8    155.   The allegations in paragraph 155 are legal conclusions to which no

9    answer is required. Defendant denies the factual allegations in paragraph 155.

10    156.   The allegation in paragraph 156 is a legal conclusion to which no

11    answer is required. Defendants deny the factual allegation in paragraph 156.

12    157.   The allegation in paragraph 157 is a legal conclusion to which no

13    answer is required. Defendant denies the factual allegation in paragraph 157.

14    158.   The allegation in paragraph 158 is a legal conclusion to which no

15    answer is required. Defendant denies the factual allegation in paragraph 158.

16    159.   The allegations in paragraph 159 are legal conclusions to which no

17    answer is required. Defendant denies the factual allegations in paragraph 159.

18
19
20
21
22

DEFENDANT'S ANSWER TO
PLAINTIFFS' AMENDED
COMPLAINT FOR
PRELIMINARY AND
INJUNCTIVE RELIEF
NO. 2:20-cv-00187-SMJ - 22

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Ave., Suite 2000
Seattle, WA  98104-3188
(206) 474-7744

1
2
3

**COUNT VII**
**42 U.S.C. § 1983**
**VIOLATION OF THE FIRST AMENDMENT**
**TO THE U.S. CONSTITUTION**
**UNCONSTITUTIONAL CONDITIONS**

4      160.   Defendant incorporates his answers, admissions, and denials to

5   paragraphs 1-159 as though fully set forth here.

6      161.   The allegations in paragraph 161 are legal conclusions to which no

7   answer is required. Defendant denies the factual allegations in paragraph 161.

8      162.   The allegation in paragraph 162 is a legal conclusion to which no

9   answer is required. Defendant denies the factual allegation in paragraph 162.

10      163.   The allegation in paragraph 163 is a legal conclusion to which no

11   answer is required. Defendant denies the factual allegation in paragraph 163.

12      164.   The allegation in paragraph 164 is a legal conclusion to which no

13   answer is required. Defendant denies the factual allegation in paragraph 164.

14      165.   The allegations in paragraph 165 are legal conclusions to which no

15   answer is required. Defendant denies the factual allegations in paragraph 165.

16      **PLAINTIFFS' PRAYER FOR RELIEF**

17      Defendant denies that Plaintiffs are entitled to entry of judgment or the

18   relief requested in paragraphs 1 through 5 of their Amended Complaint for

19   Preliminary and Permanent Injunction (ECF No. 30).

20

21

22   DEFENDANT'S ANSWER TO
PLAINTIFFS' AMENDED
COMPLAINT FOR
PRELIMINARY AND
INJUNCTIVE RELIEF
NO. 2:20-cv-00187-SMJ - 23

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Ave., Suite 2000
Seattle, WA  98104-3188
(206) 474-7744

**AFFIRMATIVE DEFENSES**

1.    Plaintiffs' Amended Complaint for Preliminary and Permanent Injunction (ECF No. 3) fails to state facts sufficient to constitute a claim upon which relief can be granted against Defendant.

1.    Plaintiffs have failed to exhaust administrative remedies.

2.    Plaintiffs lack standing.

3.    Plaintiffs' claims are moot.

4.    Plaintiffs' claims are unripe.

5.    This case is non-justiciable.

6.    Abstention doctrines warrant a stay or dismissal of the case.

7.    The policies and procedures of the Washington State Department of Children, Youth, and Families, as applied to Plaintiffs, are content neutral and narrowly tailored to serve a significant governmental interest.

8.    The policies and procedures of the Washington State Department of Children, Youth, and Families, as applied to Plaintiffs, serve compelling state interests unrelated to, and do not violate, the seven legal claims asserted in Plaintiffs' Amended Complaint (*i.e.*, Counts I-VII, at 24-34) that could not be achieved through significantly less restrictive means.

DEFENDANT'S ANSWER TO
PLAINTIFFS' AMENDED
COMPLAINT FOR
PRELIMINARY AND
INJUNCTIVE RELIEF
NO. 2:20-cv-00187-SMJ - 24

9.  The policies and procedures of the Washington State Department of Children, Youth, and Families, as applied to Plaintiffs, are narrowly tailored to advance a compelling governmental interest.

10. The policies and procedures of the Washington State Department of Children, Youth, and Families, as applied to Plaintiffs, rationally further the legitimate goals to protect children in foster care from known and potential harms.

11. The policies and procedures of the Washington State Department of Children, Youth, and Families, as applied to Plaintiffs, are appropriate uses of the state's police power to protect public health and welfare.

12. Defendant reserves the right to amend this answer and add additional defenses, including affirmative defenses, as may be required after further investigation in this case.

Wherefore, Defendant Ross Hunter respectfully requests that this Court:

1.  Dismiss Plaintiffs' Amended Complaint for Preliminary and Permanent Injunction with prejudice;

2.  Deny all relief that Plaintiffs request;

//

//

//

DEFENDANT'S ANSWER TO
PLAINTIFFS' AMENDED
COMPLAINT FOR
PRELIMINARY AND
INJUNCTIVE RELIEF
NO. 2:20-cv-00187-SMJ - 25

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Ave., Suite 2000
Seattle, WA  98104-3188
(206) 474-7744

1     3.     Grant Defendant his costs and reasonable attorney fees; and

2     4.     Grant Defendant such other and further relief as the Court may

3     deem just and proper.

4     DATED this 20th day of July 2020.

5                ROBERT W. FERGUSON
                  Attorney General

6

7              By: _s/_ *Jeffrey C. Grant*
                  JEFFREY C. GRANT, WSBA No. 11046
                  CARRIE HOON WAYNO, WSBA No. 32220

8                   DREW PUGSLEY, WSBA No. 48566
                  Assistant Attorneys General

9

10                 Attorneys for Defendant Ross Hunter
                  Office of the Attorney General

11                 Complex Litigation Division
                  800 Fifth Ave., Suite 2000

12                 Seattle, WA  98104-3188
                  Telephone:  (206) 332-7099

13                 Fax:          (206) 447-1963
                  Email:      Jeffrey.Grant@atg.wa.gov

14                              Carrie.Wayno@atg.wa.gov
                             Drew.Pugsley@atg.wa.gov

15

16

17

18

19

20

21

22     DEFENDANT'S ANSWER TO
PLAINTIFFS' AMENDED
COMPLAINT FOR
PRELIMINARY AND
INJUNCTIVE RELIEF
NO. 2:20-cv-00187-SMJ - 26

1                         **CERTIFICATE OF SERVICE**

2         I certify under penalty of perjury of the laws of the state of Washington

3 and the United States that on July 20th, 2020, I caused Defendant's Answer to

4 Plaintiffs' Amended Complaint for Preliminary and Injunctive Relief to be

5 electronically filed with the Clerk of the Court using the CM/ECF System, which

6 will automatically generate a Notice of Electronic Filing (NEF) to all Parties in

7 this action who are registered users of the CM/ECF System. The NEF specifically

8 identifies recipients of electronic notice.

9       ANDREW G. SCHULTZ        aschultz@rodey.com

10      TODD R. MCFARLAND      mcfarlandt@gc.adventist.org

11      JEROME R. AIKEN          aiken@mftlaw.com

12      DANIEL J. SHIH             dshih@susmangodfrey.com

13             By:   _s/ Jeffrey C. Grant_
                     JEFFREY C. GRANT, WSBA No. 11046

14                     CARRIE HOON WAYNO, WSBA No. 32220
                    DREW PUGSLEY, WSBA No. 48566

15                     Assistant Attorneys General

16                     Attorneys for Defendant
                    Office of the Attorney General

17                     Complex Litigation Division
                    800 Fifth Ave., Suite 2000

18                     Seattle, WA 98104-3188
                    Telephone:   (206) 332-7099

19                     Fax:          (206) 447-1963
                    Email:      Jeffrey.Grant@atg.wa.gov

20                                   Carrie.Wayno@atg.wa.gov
                                  Drew.Pugsley@atg.wa.gov

21

22 DEFENDANT'S ANSWER TO              ATTORNEY GENERAL OF WASHINGTON
PLAINTIFFS' AMENDED                      Complex Litigation Division
COMPLAINT FOR                          800 Fifth Ave., Suite 2000
PRELIMINARY AND                     Seattle, WA  98104-3188
INJUNCTIVE RELIEF                    (206) 474-7744
NO. 2:20-cv-00187-SMJ - 27