JEFFREY C. GRANT
Assistant Attorney General
CARRIE HOON WAYNO
Senior Counsel
DREW PUGSLEY
Assistant Attorney General
Office of the Attorney General
800 Fifth Ave., Suite 2000
Seattle, WA  98104-3188
Telephone:  (206) 332-7099
Fax:            (206) 447-1963
Email:        Jeffrey.Grant@atg.wa.gov
                    Carrie.Wayno@atg.wa.gov
                    Drew.Pugsley@atg.wa.gov

**Honorable Salvador Mendoza, Jr.**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES BLAIS and GAIL BLAIS,<br><br>Plaintiffs,<br><br>v.<br><br>ROSS HUNTER, in his official capacity of Secretary of Washington State Department of Children, Youth, and Families,<br><br>Defendant. | NO. 2:20-cv-00187-SMJ<br><br>STIPULATED PROTECTIVE ORDER |

## STIPULATION

The parties, through their respective counsel of record, stipulate as follows:

1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be

STIPULATED PROTECTIVE
ORDER
NO. 2:20-cv-00187-SMJ - 1

1    warranted. Accordingly, the Parties stipulate to and petition the Court to enter the

2    following Stipulated Protective Order. Neither the Parties' agreement, nor the

3    Stipulated Protective Order are intended to confer blanket protection on all

4    disclosures or responses to discovery; rather, the protection it affords from public

5    disclosure and use extends only to the limited information or items that are

6    entitled to confidential treatment under the applicable legal principles, and it does

7    not presumptively entitle parties to file confidential information under seal.

8    2.    "CONFIDENTIAL" MATERIAL

9    "Confidential" material shall include the following documents and

10    tangible things produced or otherwise exchanged:

11    A.)    Social security numbers (5 U.S.C. § 552a(b); LCR 5.2a(3)).

12    B.)    Personal information in files maintained for clients of public

13    institutions or welfare recipients (42 U.S.C. § 671(a)(8); Wash. Rev. Code

14    § 42.56.230(1); Wash. Rev. Code § 74.04.060);

15    C.)    Health care information (Wash. Rev. Code § 70.02.010 (16));

16    D.)    Records relating to mental illness and treatment (Wash. Rev. Code

17    § 71.05.390; Wash. Rev. Code § 71.34.340);

18    E.)    Credit card numbers, debit card numbers, electronic check numbers,

19    card expiration date, bank, or other financial account numbers. LCR 5.2(a)(4).

20    F.)    Personal information about agency employees, appointees, or

21    elected officials that would violate the right to privacy (Wash. Rev. Code

22

STIPULATED PROTECTIVE
ORDER
NO. 2:20-cv-00187-SMJ - 2

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Ave., Suite 2000
Seattle, WA  98104-3188
(206) 474-7744

1    § 42.56.230(3)); See e.g. *Brown v. Seattle Public Schools*, 71 Wash. App. 613

2    (1993).

3           G.)    Documents containing information regarding the identity of persons

4    making reports regarding child abuse or neglect, and all files, reports, records,

5    communications, and working papers used or developed in the investigation or

6    provision of protective services are subject to protection under state law (Wash.

7    Rev. Code §§ 26.44.125(6), 13.50.100) and federal law (42 U.S.C.

8    § 5106a(b)(2)(B)(viii-ix)).

9           H.)    Documents containing information regarding the identity of persons

10    or families receiving child welfare services, and all files, reports, records,

11    communications, and working papers used or developed in the investigation or

12    provision of protective services are subject to protection under state law (Wash.

13    Rev. Code § 13.50.100) and federal law (42 U.S.C. § 671(8)(a))

14           I.)    Other material protected by federal or state statute or regulation or

15    court rule.

16    3.    SCOPE

17           The protections conferred by this agreement cover not only confidential

18    material (as defined above), but also (1) any information copied or extracted from

19    confidential material; (2) all copies, excerpts, summaries, or compilations of

20    confidential material; and (3) any testimony, conversations, or presentations by

21    parties or their counsel that might reveal confidential material. However, the

22

STIPULATED PROTECTIVE
ORDER
NO. 2:20-cv-00187-SMJ - 3

1    protections conferred by this agreement do not cover information that is in the

2    public domain or becomes part of the public domain through trial or otherwise.

3    4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4        4.1    Basic Principles. A receiving party may use confidential material

5    that is disclosed or produced by another party or by a non-party in connection

6    with this case only for prosecuting, defending, or attempting to settle this

7    litigation. Confidential material may be disclosed only to the categories of

8    persons and under the conditions described in this agreement. Confidential

9    material must be stored and maintained by a receiving party at a location and in

10    a secure manner that ensures that access is limited to the persons authorized under

11    this agreement.

12        4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless

13    otherwise ordered by the court or permitted in writing by the designating party, a

14    receiving party may disclose any confidential material only to:

15        (a)    the receiving party's counsel of record in this action, as well

16    as employees of counsel to whom it is reasonably necessary to disclose the

17    information for this litigation;

18        (b)    the officers, directors, and employees (including in house

19    counsel) of the receiving party to whom disclosure is reasonably necessary for

20    this litigation, unless the parties agree that a particular document or material

21    produced is for Attorney's Eyes Only and is so designated;

22

STIPULATED PROTECTIVE
ORDER
NO. 2:20-cv-00187-SMJ - 4

1         (c)    experts and consultants to whom disclosure is reasonably

2    necessary for this litigation and who have signed the "Acknowledgment and

3    Agreement to Be Bound" (Exhibit A);

4         (d)    the court, court personnel, and court reporters and their staff;

5         (e)    copy or imaging services retained by counsel to assist in the

6    duplication of confidential material, provided that counsel for the party retaining

7    the copy or imaging service instructs the service not to disclose any confidential

8    material to third parties and to immediately return all originals and copies of any

9    confidential material;

10        (f)    during their depositions, witnesses in the action to whom

11   disclosure is reasonably necessary and who have signed the "Acknowledgment

12   and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the

13   designating party or ordered by the court. Pages of transcribed deposition

14   testimony or exhibits to depositions that reveal confidential material must be

15   separately bound by the court reporter and may not be disclosed to anyone except

16   as permitted under this agreement;

17        (g)    the author or recipient of a document containing the

18   information or a custodian or other person who otherwise possessed or knew the

19   information.

20       4.3   Filing Confidential Material. Before filing confidential material or

21   discussing or referencing such material in court filings, the filing party shall

22

STIPULATED PROTECTIVE
ORDER
NO. 2:20-cv-00187-SMJ - 5

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Ave., Suite 2000
Seattle, WA  98104-3188
(206) 474-7744

1  confer with the designating party to determine whether the designating party will

2  remove the confidential designation, whether the document can be redacted, or

3  whether a motion to seal or stipulation and proposed order is warranted. Local

4  Civil Rule 5(g) sets forth the procedures that must be followed and the standards

5  that will be applied when a party seeks permission from the court to file material

6  under seal.

7  5.    DESIGNATING PROTECTED MATERIAL

8      5.1    Exercise of Restraint and Care in Designating Material for

9  Protection. Each party or non-party that designates information or items for

10  protection under this agreement must take care to limit any such designation to

11  specific material that qualifies under the appropriate standards. The designating

12  party must designate for protection only those materials, documents, items, oral

13  or written communications that qualify. Prior to filing designated material with

14  the court, the parties must confer to limit designations to only those parts of

15  materials, documents, items, oral or written communications for which protection

16  is not warranted are not swept unjustifiably within the ambit of this agreement.

17      Mass, indiscriminate, or routinized designations are prohibited.

18  Designations that are shown to be clearly unjustified or that have been made for

19  an improper purpose (e.g., to unnecessarily encumber or delay the case

20  development process or to impose unnecessary expenses and burdens on other

21  parties) expose the designating party to sanctions.

22

STIPULATED PROTECTIVE
ORDER
NO. 2:20-cv-00187-SMJ - 6

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Ave., Suite 2000
Seattle, WA  98104-3188
(206) 474-7744

1    If it comes to a designating party's attention that information or items that

2    it designated for protection do not qualify for protection, the designating party

3    must promptly notify all other parties that it is withdrawing the mistaken

4    designation.

5    5.2    Manner and Timing of Designations. Except    as    otherwise

6    provided in this agreement (see, e.g., second paragraph of section 5.2(a) below),

7    or as otherwise stipulated or ordered, disclosure or discovery material that

8    qualifies for protection under this agreement must be clearly so designated before

9    or when the material is disclosed or produced.

10    (a)    Information in documentary form: (e.g., paper or electronic

11    documents and deposition exhibits, but excluding transcripts of

12    depositions or other pretrial or trial proceedings), the designating party

13    must affix the word "CONFIDENTIAL" to each page of any document

14    containing confidential material. Documents produced in a native format

15    that contain confidential material must be labeled confidential in a manner

16    appropriate to the type of document. Additionally, documents containing

17    information regarding the identity of persons making reports regarding

18    child abuse or neglect is subject to protection under state law (Wash. Rev.

19    Code §§ 26.44.125(6), 13.50.100(7)) and federal law (42 U.S.C.

20    § 5106a(b)(2)(B)(viii-ix)). In order to obtain any of the information listed

21    in Wash. Rev. Code § 13.50.100the receiving party must obtain a court

22

STIPULATED PROTECTIVE
ORDER
NO. 2:20-cv-00187-SMJ - 7

1   order and the court may only issue such an order entered after proper notice

2   was given to the subjects of the confidential records. The court may place

3   restrictions on the disclosure as the court deems proper.

4   (b)   <u>Testimony given in deposition or in other pretrial or trial</u>

5   <u>proceedings</u>: the parties must identify on the record, during the deposition,

6   hearing, or other proceeding, all protected testimony, without prejudice to their

7   right to so designate other testimony after reviewing the transcript. Any party or

8   non-party may, within fifteen days after receiving a deposition transcript,

9   designate portions of the transcript, or exhibits thereto, as confidential.

10   (c)   <u>Other tangible items</u>: the producing party must affix in a

11   prominent place on the exterior of the container or containers in which the

12   information or item is stored the word "CONFIDENTIAL." If only a portion or

13   portions of the information or item warrant protection, the producing party, to the

14   extent practicable, shall identify the protected portion(s).

15   5.3   <u>Inadvertent Failures to Designate.</u> An inadvertent failure to

16   designate qualified information or items does not, standing alone, waive the

17   designating party's right to secure protection under this agreement for such

18   material. Upon correction of a designation, the receiving party must make

19   reasonable efforts to ensure that the material is treated in accordance with the

20   provisions of this agreement.

21

22

STIPULATED PROTECTIVE
ORDER
NO. 2:20-cv-00187-SMJ - 8

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Ave., Suite 2000
Seattle, WA  98104-3188
(206) 474-7744

1    6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

2        6.1    Timing of Challenges.    Any party or non-party may challenge a

3    designation of confidentiality at any time. Unless a prompt challenge to a

4    designating party's confidentiality designation is necessary to avoid foreseeable,

5    substantial unfairness, unnecessary economic burdens, or a significant disruption

6    or delay of the litigation, a party does not waive its right to challenge a

7    confidentiality designation by electing not to mount a challenge promptly after

8    the original designation is disclosed.

9        6.2    Meet and Confer. The parties must make every attempt to resolve

10    any dispute regarding confidential designations without court involvement. Any

11    motion regarding confidential designations or for a protective order must include

12    a certification, in the motion or in a declaration or affidavit, that the movant has

13    engaged in a good faith meet and confer conference with other affected parties in

14    an effort to resolve the dispute without court action. The certification must list

15    the date, manner, and participants to the conference. A good faith effort to confer

16    requires a face-to-face meeting or a telephone conference.

17        6.3    Judicial Intervention. If the parties cannot resolve a challenge

18    without court intervention, the designating party may either schedule a

19    conference call with the court or file and serve a motion to retain confidentiality

20    under LCR 7 (and in compliance with LCR 5(g), if applicable). All parties shall

21

22

STIPULATED PROTECTIVE
ORDER
NO. 2:20-cv-00187-SMJ - 9

1    continue to maintain the material in question as confidential until the court rules

2    on the challenge.

3    7.    PROTECTED    MATERIAL    SUBPOENAED    OR    ORDERED

4    PRODUCED IN OTHER LITIGATION

5         If a party or party's counsel is served with a subpoena or a court order

6    issued in other litigation that compels disclosure of any information or items

7    designated in this action as "CONFIDENTIAL," they must:

8         (a)    promptly notify the opposing counsel in writing and include

9    a copy of the subpoena or court order;

10         (b)    promptly notify in writing the party who caused the subpoena

11    or order to issue in the other litigation that some or all of the material covered by

12    the subpoena or order is subject to this agreement. Such notification shall include

13    a copy of this agreement; and

14         (c)    cooperate with respect to all reasonable procedures sought to

15    be pursued by the designating party whose confidential material may be affected.

16    8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

17         If a receiving party learns that, by inadvertence or otherwise, it has

18    disclosed confidential material to any person or in any circumstance not

19    authorized under this agreement, the receiving party must immediately (a) notify

20    in writing the designating party of the unauthorized disclosures, (b) use its best

21    efforts to retrieve all unauthorized copies of the protected material, (c) inform the

22

STIPULATED PROTECTIVE
ORDER
NO. 2:20-cv-00187-SMJ - 10

1   person or persons to whom unauthorized disclosures were made of all the terms

2   of this agreement, and (d) request that such person or persons execute the

3   "Acknowledgment and Agreement to Be Bound" that is attached hereto as

4   Exhibit A.

5   9.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

6   PROTECTED MATERIAL

7          The parties stipulate to entry of an order pursuant to Fed. R. Evid. 502(d).

8   When a producing party gives notice to receiving parties that certain

9   inadvertently produced material is subject to a claim of privilege or other

10  protection, the obligations of the receiving parties are those set forth in Fed. R.

11  Civ. P. 26(b)(5)(B). Pursuant to Fed. R. Evid. 502(d), disclosure of privileged

12  information shall not constitute a waiver of attorney-client privilege or work

13  product protection in this litigation or in any other federal or state proceedings.

14  The parties have conferred on an appropriate non-waiver agreement and order

15  under Fed. R. Evid. 502 or express "claw-back" agreement. To facilitate the

16  production of discovery, the parties agree to a claw-back provision as follows:

17  If information is produced in discovery that is subject to a claim of privilege or

18  of protection as trial-preparation material, and/or is of a confidential nature

19  because of privacy interests involved or other legal protections, the party making

20  the claim may notify any party that received the information of the claim and the

21  basis for it. If the receiving party (regardless of whether he or she has been

22

STIPULATED PROTECTIVE
ORDER
NO. 2:20-cv-00187-SMJ - 11

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Ave., Suite 2000
Seattle, WA  98104-3188
(206) 474-7744

1    notified) notices that a privileged, protected, and/or confidential document has

2    been disclosed, the receiving party will place that document into a file without

3    reading further. After being notified, or after noticing the document that is

4    privileged, protected, and/or confidential, the receiving party must promptly

5    return, sequester, or destroy the specified information and any copies it has and

6    may not use or disclose the information until the claim is resolved. A receiving

7    party may promptly present the information to the court under seal for a

8    determination of the claim. If the receiving party disclosed the information before

9    being notified, it must take reasonable steps to retrieve it. The producing party

10    must preserve the information until the claim is resolved.

11    10.    PRIVILEGE LOGS

12        The parties agree that privilege logs shall be provided on a rolling basis

13    simultaneously with each disclosure. The privilege log shall include a unique

14    identification number for each document, the basis for the claim (attorney-client

15    privileged and/or work product protection), and the authority for the basis of the

16    claim. In addition, the privilege log should identify the document type, page

17    count, date on the face of the document, document title/email subject; author,

18    recipient, cc and bcc. For string emails the parties agree to provide all named

19    individuals. Should the parties provide insufficient information for the purpose

20    of evaluation of the privilege claim asserted, the receiving party may request

21    additional information consistent with the Fed. R. Civ. P.

22

STIPULATED PROTECTIVE
ORDER
NO. 2:20-cv-00187-SMJ - 12

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Ave., Suite 2000
Seattle, WA  98104-3188
(206) 474-7744

11.    NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material. The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, AND PRESENTED BY COUNSEL OF RECORD this 1st day of October 2020.

ROBERT W. FERGUSON
Attorney General

By: s/    *Jeffrey C. Grant*
        JEFFREY C. GRANT, WSBA No. 11046
        CARRIE HOON WAYNO, WSBA No. 32220
        DREW PUGSLEY, WSBA No. 48566
        Assistant Attorneys General

STIPULATED PROTECTIVE
ORDER
NO. 2:20-cv-00187-SMJ - 13

Attorneys for Defendant Ross Hunter
Office of the Attorney General
Complex Litigation Division
800 Fifth Ave., Suite 2000
Seattle, WA  98104-3188

Telephone:   (206) 332-7099
Fax:            (206) 447-1963
Email:         Jeffrey.Grant@atg.wa.gov
                  Carrie.Wayno@atg.wa.gov
                  Drew.Pugsley@atg.wa.gov

s/      *Jerome R. Aiken*
JEROME R. AIKEN, WSBA No. 14647
Attorneys for Plaintiffs
James Blais and Gail Blais
MEYER, FLUEGGE & TENNEY, P.S.
Phone: 509/575-8500; Fax: 509/575-4676
Email: aiken@mftlaw.com

s/      *Todd R. McFarland*
TODD R. McFARLAND
General Counsel of Seventh-Day Adventists
Attorneys for Plaintiffs
Phone: 301/680-6321; Fax 301/680-6329
Email: mcfarlandt@gc.adventist.org

s/      *Andrew G. Schultz*
ANDREW G. SCHULTZ, NM No. 3090
RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.
Attorneys for Plaintiffs
Phone: 505/765-5900; Fax: 505/768-7395
Email: aschultz@rodey.com

STIPULATED PROTECTIVE
ORDER
NO. 2:20-cv-00187-SMJ - 14

1

### ORDER

2        Based on the Parties' Stipulation, it is

3        ORDERED that the Parties' proposed Stipulated Protective Order is

4  adopted and shall be in effect in case. It is further

5        ORDERED that, pursuant to Fed. R. Evid. 502(d), the production of any

6  documents in this proceeding shall not, for the purposes of this proceeding or any

7  other proceeding in any other court, constitute a waiver by the producing party

8  of any privileged applicable to those documents, including the attorney client

9  privilege, attorney work product protection, or any other privilege or protection

10  recognized by law.

11        DATED this _____ day of October 2020.

12

13

14        SALVADOR MENDOZA, JR.
          United States District Judge

15

16  Presented by:

17  ROBERT W. FERGUSON
    Attorney General

18

19  By:  s/    *Jeffrey C. Grant*
         JEFFREY C. GRANT, WSBA No. 11046
20       CARRIE HOON WAYNO, WSBA No. 32220
         DREW PUGSLEY, WSBA No. 48566
21       Assistant Attorneys General
         Attorneys for Defendant Ross Hunter
22

STIPULATED PROTECTIVE
ORDER
NO. 2:20-cv-00187-SMJ - 15

| | |
|---|---|
| 1 | Office of the Attorney General |
| | 800 Fifth Ave., Suite 2000 |
| 2 | Seattle, WA 98104-3188 |
| | Telephone:    (206) 332-7099 |
| 3 | Fax:              (206) 447-1963 |
| | Email:          Jeffrey.Grant@atg.wa.gov |
| 4 | Carrie.Wayno@atg.wa.gov |
| 5 | Drew.Pugsley@atg.wa.gov |

6   s/        *Jerome R. Aiken*
    _____
7   JEROME R. AIKEN, WSBA No. 14647
    Attorneys for Plaintiffs
8   James Blais and Gail Blais
    MEYER, FLUEGGE & TENNEY, P.S.
9   Telephone:    (509) 575-8500
    Fax:              (509) 575-4676
10  Email:          aiken@mftlaw.com

11  s/        *Todd R. McFarland*
    _____
12  TODD R. McFARLAND
    General Counsel of Seventh-Day Adventists
13  Attorneys for Plaintiffs
    Telephone:    (301) 680-6321
14  Fax:              (301) 680-6329
    Email:          mcfarlandt@gc.adventist.org
15

16  s/        *Andrew G. Schultz*
    _____
    ANDREW G. SCHULTZ, NM No. 3090
17  RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.
    Attorneys for Plaintiffs
18  Telephone:    (505) 765-5900
    Fax:              (505) 768-7395
19  Email:          aschultz@rodey.com

20

21

22

STIPULATED PROTECTIVE
ORDER
NO. 2:20-cv-00187-SMJ - 16

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Ave., Suite 2000
Seattle, WA  98104-3188
(206) 474-7744

1

### EXHIBIT A

2

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3    I, _____ [print or type full name],

4    of _____ [print or type full address], declare under penalty of

5    perjury that I have read in its entirety and understand the Stipulated Protective

6    Order that was issued by the United States District Court for the Western District

7    of Washington on _____ in the case of *Blais v. Hunter*,

8    No. 2:20-cv-00187-SMJ. I agree to comply with and to be bound by all the terms

9    of this Stipulated Protective Order and I understand and acknowledge that failure

10   to so comply could expose me to sanctions and punishment in the nature of

11   contempt. I solemnly promise that I will not disclose in any manner any

12   information or item that is subject to this Stipulated Protective Order to any

13   person or entity except in strict compliance with the provisions of this Order.

14   I further agree to submit to the jurisdiction of the United States District

15   Court for the Western District of Washington for the purpose of enforcing the

16   terms of this Stipulated Protective Order, even if such enforcement proceedings

17   occur after termination of this action.

18   Date: _____

19   City and State where sworn and signed:

20   _____

21   Printed name: _____

22

STIPULATED PROTECTIVE
ORDER
NO. 2:20-cv-00187-SMJ - 17

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Ave., Suite 2000
Seattle, WA  98104-3188
(206) 474-7744