JEROME R. AIKEN (WSBA NO. 14647)
Meyer, Fluegge & Tenney, P.S.     **Honorable Salvador Mendoza, Jr.**
230 S. Second Street / P.O. Box 22680
Yakima, WA 98907-2680
Phone: (509) 575-8500
Email: aiken@mftlaw.com

Attorneys for Plaintiffs James Blais and Gail Blais

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES BLAIS and GAIL BLAIS, | NO. 20-CV-00187-SMJ |
| Plaintiffs, | |
| vs. | PLAINTIFFS' UNOPPOSED MOTION TO AMEND SCHEDULING ORDER |
| ROSS HUNTER, in his official capacity of Secretary of Washington State Department of Children, Youth and Families, | Hearing: March 4, 2021<br>Time:    6:30 p.m.<br>Without Oral Argument |
| Defendant. | |

Plaintiffs James and Gail Blais request that this Court amend its Scheduling Orders [ECF No. 63] to extend several of the pretrial deadlines relating to the completion of discovery and the submission of discovery and dispositive motions.

As grounds for this motion, Plaintiffs state as follows:

1.   Plaintiffs filed their original complaint for declaratory and injunctive relief in May 2020. Plaintiffs filed their first amended complaint for preliminary

**Plaintiffs' Unopposed Motion to Amend Scheduling Order - 1**

LAW OFFICES OF
**MEYER, FLUEGGE & TENNEY, P.S.**
230 South Second Street · P.O. Box 22680
Yakima, WA 98907-2680
Telephone (509) 575-8500

1  and permanent injunction in July 2020 before Defendant had filed a responsive
2  pleading. After the Court entered its Order Granting in Part and Denying in Part
3  Plaintiffs' Motion for Preliminary and Permanent Injunction [ECF No. 56], the
4  Court granted Plaintiffs leave to file a second amended complaint adding allegations
5  to support a claim for class certification. [ECF No. 71]. Plaintiffs timely filed their
6  second amended complaint in December 2020. [ECF No. 72].[1]

7      2.    The Court entered its initial Scheduling Order on October 21, 2020.
8  [ECF No. 63]. Since then, the Court has entered several additional orders revising
9  the Court's pretrial deadlines. These revisions have dealt solely with matters related
10 to Plaintiffs' possible motion for class certifications. *See* [ECF Nos. 66, 71, 73 &
11 77]. Each of these orders have been clear that "[a]ll other rules, deadlines, and dates
12 issued in the Scheduling Order, ECF No. 63, remain in effect."

13     3.    Since entry of the Court's initial Scheduling Order, the parties
14 diligently have been pursuing discovery in this matter.

---

[1] Contemporaneously with this motion, Plaintiffs filed a notice that they no longer intend to file a motion for class certification pursuant to Federal Rule of Civil Procedure 23. [ECF No. 78].

**Plaintiffs' Unopposed Motion to Amend Scheduling Order - 2**

A. Plaintiffs have served Defendants with two sets of interrogatories and requests for production of documents – the first in October 2020 and the second in December 2020.

B. Defendant began responding to these written discovery requests in November 2020.

C. Since that time, counsel have conferred on numerous occasions concerning the adequacy of Defendant's answers and responses to Plaintiffs' discovery requests. In addition to frequent email exchanges, counsel also have conferred by telephone no less than six times. Each of these discussions has assisted the parties in clarifying the scope of discovery and establishing mutually agreeable timetables for Defendant to continue to investigate his files and supplement his earlier discovery responses.

D. To-date, Defendant has made three supplemental discovery responses, and has produced thousands of pages of documents.

E. All counsel continue to confer in good faith in order to address outstanding discovery issues without the need for intervention by this Court. As a concrete example: following a telephone consultation among all counsel on January 28, 2021, defense counsel made an earnest assessment of the extent of Defendant's document production, what additional discovery responses are yet to be produced and when these tasks will be completed. Defense counsel has informed

**Plaintiffs' Unopposed Motion to Amend Scheduling Order - 3**

LAW OFFICES OF
**MEYER, FLUEGGE & TENNEY, P.S.**
230 South Second Street · P.O. Box 22680
Yakima, WA 98907-2680
Telephone (509) 575-8500

Plaintiffs' counsel that Defendant is slightly more than halfway through his production of electronic discovery and that production should be completed by the end of March 2021.  In the meantime, Defendant intends to continue supplementing his discovery responses on a rolling basis.

4. In addition to Plaintiffs' discovery efforts, Defendant also has served written discovery requests.  Defendant served his first set of written discovery in December 2020.  Plaintiffs timely responded to these discovery requests.  Plaintiffs are continuing to review potentially responsive documents and materials and anticipate supplementing their earlier production responses in the near future.

5. All counsel also have been conferring in good faith about depositions. Both sides hope to be able to begin deposition discovery in the coming weeks.

6. Consistent with Fed. R. Civ. P. 16, the Court's Scheduling Orders provide that "[t]he dates set forth in this Order may be amended **only** by Order of the Court and upon a showing of good cause.  *See, e.g.*, [ECF Nos. 63 & 66]; *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.")

7. To satisfy the appropriate legal standard, Plaintiffs must show "good cause" for why the Scheduling Order should be amended.  This Court, in supervising the pretrial phase of litigation and deciding the preclusive effect of a pretrial order, has "broad discretion" to consider whether to amend its Scheduling Order.  *C.F. ex*

**Plaintiffs' Unopposed Motion to Amend Scheduling Order - 4**

LAW OFFICES OF
**MEYER, FLUEGGE & TENNEY, P.S.**
230 South Second Street · P.O. Box 22680
Yakima, WA 98907-2680
Telephone (509) 575-8500

1 *rel. Farnan v. Capistrano Unified School Dist.*, 654 F.3d 975, 984 (9th Cir. 2011).
When determining whether a plaintiff has demonstrated good cause, the court "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

8. Good cause exists to amend several of the pretrial deadlines set forth in the Court's Scheduling Order.

   A. Plaintiffs and Defendants have been diligent in pursuing discovery to support their claims and defenses and prepare for trial. They timely served written discovery requests to secure relevant information. They attentively have been continuing to investigate and scrutinize their respective client's records, and have made – and are continuing to make – timely supplementations of their earlier discovery responses. *See* Fed. R. Civ. P. 26(e)(1) ("A party who . . . has responded to an interrogatory, request for production . . . must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect").

   B. The parties are continuing to cooperate in order to complete their responses to all pending written discovery requests. They conscientiously have collaborated to resolve discovery differences in a manner that is resulting in the production of significant additional relevant information and documents. And they

/ / /

**Plaintiffs' Unopposed Motion to Amend Scheduling Order - 5**

LAW OFFICES OF
**MEYER, FLUEGGE & TENNEY, P.S.**
230 South Second Street · P.O. Box 22680
Yakima, WA 98907-2680
Telephone (509) 575-8500

have worked to secure this result without resorting to premature discovery motions that would require this Court's involvement.

9. In order to permit the parties and their counsel to continue working together to complete discovery, Plaintiffs request that the Court extend the following pretrial deadlines:

| EVENT | EXISTING DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| All interrogatories, requests for production, and requests for admission, served | December 21, 2020<br>70 days before Discovery Cutoff | February 4, 2021<br>70 days before Discovery Cutoff |
| Motions for protective orders filed | January 20, 2021<br>40 days before Discovery Cutoff | March 5, 2021<br>40 days before Discovery Cutoff |
| Motions to compel discovery filed | January 29, 2021<br>30 days before Discovery Cutoff | March 16, 2021<br>30 days before Discovery Cutoff |
| Discovery Cutoff | March 1, 2021 | April 15, 2021 |
| Notice of to-be-adjudicated claims & affirmative defenses filed | March 8, 2021<br>1 week after Discovery Cutoff | April 22, 2021<br>1 week after Discovery Cutoff |
| All dispositive, *Daubert*, and state certification motions filed | April 1, 2021 | May 1, 2021 |

9. All other deadlines and dates set forth in the Court's Scheduling Order [ECF No. 63], including the trial date, remain in effect, except to the extent they may

**Plaintiffs' Unopposed Motion to Amend Scheduling Order - 6**

LAW OFFICES OF
**MEYER, FLUEGGE & TENNEY, P.S.**
230 South Second Street · P.O. Box 22680
Yakima, WA 98907-2680
Telephone (509) 575-8500

be modified in the future by order of the Court upon motion by the parties for good cause or the Court's own initiative.

10. Defendant will not be unfairly prejudiced by extending these deadlines.

11. For good cause shown, Plaintiffs request that this Court amend paragraph 5(A) of the Scheduling Order [ECF No. 63] to read as follows:

> All discovery, including depositions and perpetuation depositions, shall be completed by **April 15, 2021** ("Discovery Cutoff").

The calculation of all remaining dates premised on the Discovery Cutoff shall change accordingly.

12. Plaintiffs further request that the Court amend paragraph 7(A) of the Scheduling Order [ECF No. 63] to read as follows:

> All dispositive and *Daubert* motions shall be **FILED AND SERVED** on or before **May 1, 2021**.

As required by LCivR 7(b)(2) Plaintiffs' counsel conferred in good faith with opposing counsel, who does not oppose this motion.

RESPECTFULLY SUBMITTED this 2nd day of February, 2021.

                                    s/ Jerome R. Aiken                            .
JEROME R. AIKEN, WSBA #14647
Attorneys for Plaintiffs
James Blais and Gail Blais
Meyer, Fluegge & Tenney, P.S.
Phone: 509/575-8500 – Fax: 509/575-4676
Email: aiken@mftlaw.com

**Plaintiffs' Unopposed Motion to Amend Scheduling Order - 7**

LAW OFFICES OF
**MEYER, FLUEGGE & TENNEY, P.S.**
230 South Second Street · P.O. Box 22680
Yakima, WA 98907-2680
Telephone (509) 575-8500

      s/ Todd R. McFarland         .
TODD R. McFARLAND
General Conference of Seventh-day Adventists
Attorneys for Plaintiffs
James Blais and Gail Blais
Phone: 301/680-6321; Fax: 301/680-6329
Email: McFarlandT@adventist.org

      s/ Andrew G. Schultz         .
ANDREW G. SCHULTZ, NM No. 3090
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Attorneys for Plaintiffs
James Blais and Gail Blais
Phone: 505/765-5900; Fax: 505/768-7395
Email: aschultz@rodey.com

**Plaintiffs' Unopposed Motion to Amend Scheduling Order - 8**

# CERTIFICATE OF TRANSMITTAL

I hereby certify under penalty of perjury of the laws of the state of Washington that on February 2, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System which will automatically provide service on the below listed parties:

| | |
|---|---|
| **For Plaintiffs James and Gail Blais:**<br>Mr. Todd R. McFarland, Associate General Counsel<br>General Conference of Seventh-Day Adventists<br>12501 Old Columbia Pike<br>Silver Spring, MD  20904<br>McFarlandT@adventist.org | _X_  via CM/ECF |
| Mr. Andrew G. Schultz<br>Rodey, Dickason, Sloan, Akin & Robb, P.A.<br>P.O. Box 1888<br>Albuquerque, NM  87103<br>aschultz@rodey.com | _X_  via CM/ECF |
| **For Defendant Ross Hunter:**<br>Mr. Jeffrey C. Grant, Assistant Attorney General<br>Ms. Abigail Kahl, Assistant Attorney General<br>Office of the Attorney General<br>88 Fifth Avenue, Suite 2000<br>Seattle, WA  98104<br>Jeffrey.grant@atg.wa.gov / Abigail.Kahl@atg.wa.gov | _X_  via CM/ECF |
| **For Defendant Ross Hunter:**<br>Mr. Daniel Judge, Senior Counsel<br>Mr. Drew Pugsley, Assistant Attorney General<br>Office of the Attorney General<br>7141 Cleanwater Drive SW / P.O. Box 40124<br>Olympia, WA  98504-0124<br>Daniel.Judge@atg.wa.gov / Drew.Pugsley@atg.wa.gov | _X_  via CM/ECF |

    /s   Sheryl A. Jones                           .
SHERYL A. JONES, Legal Assistant
Meyer, Fluegge & Tenney, P.S.
jones@mftlaw.com

**Plaintiffs' Unopposed Motion to Amend Scheduling Order - 9**

LAW OFFICES OF
**MEYER, FLUEGGE & TENNEY, P.S.**
230 South Second Street · P.O. Box 22680
Yakima, WA 98907-2680
Telephone (509) 575-8500